**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TELEDYNE RISI, INC. d/b/a TELEDYNE ELECTRONIC SAFETY PRODUCTS, | |
| | Case No. 2:15-CV-07936-SJO-GJS |
|      Plaintiff, | |
| vs. | |
| MARTIN-BAKER AIRCRAFT COMPANY LTD., | STIPULATED PROTECTIVE ORDER |
|      Defendant. | |

1.     <u>A. PURPOSES AND LIMITATIONS</u>

      Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends

only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, competition-sensitive materials, confidential and valuable research, development, commercial, financial, technical and/or proprietary information as well as export restricted information protected by relevant federal law ("materials") for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

///

///

## C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as PROTECTED MATERIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>: The above-styled and numbered civil case.

2.2   <u>Challenging Party</u>:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>PROTECTED MATERIAL(S)</u>: information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom, that is designated by a producing party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.4   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.5   <u>"ATTORNEYS' EYES ONLY"</u> Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that are considered to be most sensitive by the producing party, including but not limited to trade secret or other confidential research, development, financial or other commercial information, and should not be shared with the other party but may be shared with the other party's counsel as defined in Paragraph 2.6.

2.6   <u>Counsel</u>:   All outside counsel of record in this Action, and including any such attorneys, paralegals, secretaries, contract paralegals, contract attorneys,

contract secretaries, and other support staff employed in or retained by the law firms identified below:

- Rose Walker, LLP
- Shaw, Kopeke & Satter, LLP
- Norton Rose Fulbright US LLP

Counsel as defined herein shall specifically exclude (and therefore preclude from access to PROTECTED MATERIALS designated under this Protective Order) any person who is involved in, or materially assists others who are involved in prosecuting patents in the technology area of any technical trade secret disclosed in this matter (e.g., concerning or relating to sequencers and related components) for or on behalf of plaintiff Teledyne Risi, Inc. d/b/a Teledyne Electronic Safety Products ("Teledyne") or for or on behalf of defendant Martin-Baker Aircraft Company Ltd ("Martin-Baker").

Any counsel who receives PROTECTED MATERIALS must read this Order in advance of disclosure, and must personally agree in writing (according to the form attached at Attachment A) to be bound by its terms.

All counsel of the receiving party who have access to PROTECTED MATERIALS must take reasonable precautions to prevent the disclosure of such information to other individuals resident in the law firms of counsel of the receiving party who do not qualify as counsel under this Paragraph. Such reasonable precautions include, but are not necessarily limited to, the implementation of an "ethical wall" designed to prevent the disclosure of PROTECTED MATERIALS to those who do not qualify as counsel.

2.7   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

/ / /

2.8     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.10    <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    <u>Non-Party</u>:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.12    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.13    <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

///

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

Notwithstanding anything in this Order, all parties and all persons signing a certification agreeing to be bound by this Order shall comply with all U.S. export compliance restrictions, including but not limited to the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R §§ 120-130. The parties shall not permit any person to review any document produced in this case unless the person has first signed the attached certification.

4.    <u>DURATION</u>

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that

qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (hereinafter "PROTECTED MATERIAL legend"), to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY"  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate PROTECTED MATERIAL legend to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) Whenever a deposition taken on behalf of any person or entity that involves a disclosure of PROTECTED MATERIAL of any Designating Party:

(1) said deposition or portions thereof shall be designated as containing PROTECTED MATERIAL subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing PROTECTED MATERIAL after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY";

(2) the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the PROTECTED MATERIAL is to be disclosed, any person other than the deponent, counsel (including their staff and associates), and the court reporter; and

(3)    the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product doctrine or any other applicable privilege or protection from disclosure shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product doctrine or any other applicable privilege or protection from disclosure. Such inadvertently produced documents or information, including all copies thereof, shall be returned to the producing party immediately upon request, and any and all electronic copies destroyed. No use shall be made of such documents or information including but not limited to during deposition, or at trial, nor shall such documents

or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned; provided, however, that the receiving party may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact of the inadvertent production or the contents thereof.

Upon inadvertent production of a privileged document, the party requesting the document be returned and destroyed, as provided for above, shall provide a privilege log to the other party listing the document and applicable information concerning the document including at a minimum the recipient, sender, author and brief description of the basis for the privilege. This privilege log shall provide a sufficient description of each document and/or information withheld and shall state the basis for withholding the document and/or information. The party receiving the request for return and destruction of the privileged document shall not wait for the privilege log before returning and destroying the privileged document requested.

6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   **Timing of Challenges.**   Any Party or Non-Party may challenge a designation of confidentiality or attorneys' eyes only at any time that is consistent with the Court's Scheduling Order.

6.2   **Meet and Confer.**   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.   Unless the Designating Party has waived or withdrawn the confidentiality or attorneys' eyes only designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

a.     counsel (as defined in Paragraph 2.6) of the receiving party;

b.     independent experts who meet the conditions set forth in this Paragraph. The right of any independent expert to receive any PROTECTED MATERIAL shall be subject to the advance approval of such expert by the producing party or by permission of the Court. However, a proposed independent expert shall be precluded from receiving PROTECTED MATERIAL designated under this Protective Order if such proposed independent expert is otherwise involved in, or materially assists others who are involved in the technology area of any technical trade secret disclosed in this matter (e.g., concerning or relating to sequencers and related components) for or on behalf of Teledyne, or for or on behalf of Martin-Baker during the term of this litigation. The party seeking approval of an independent expert shall

provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Attachment A, in advance of providing any PROTECTED MATERIAL of the producing party to the expert. Any objection by the producing party to an independent expert receiving PROTECTED MATERIAL must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. PROTECTED MATERIAL may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts shall not be unreasonably withheld;

(c)   the court and its personnel whose function requires them to have access to PROTECTED MATERIAL;

(d)  court reporters and their staff;

(e)   Professional Vendors, who are not employees of a party, to whom disclosure is reasonably necessary for this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  the author or recipient of a document containing the information; and

(g)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to counsel and experts qualified to view "ATTORNEYS' EYES ONLY" materials as specified herein and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure,

and has agreed in writing (according to the form attached as Attachment A) to be bound by its terms:

(a)   executives of the parties who are required to participate in management and policy decisions with reference to the Action; and

(b)   personnel of the parties with whom counsel for the parties find it necessary to consult, in the discretion of counsel, in preparation for trial of this action; and

(c)   stenographic and clerical employees associated with the individuals identified above.

8.   OBJECTIONS TO PROTECTED MATERIAL DESIGNATIONS. At any stage of these proceedings, any party may object to a designation of the materials as PROTECTED MATERIAL. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue shall be treated as PROTECTED MATERIAL, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved. A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must:

(a)   promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.   MISCELLANEOUS

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.   By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.   Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.   A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.   Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.   If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4   Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as PROTECTED MATERIAL, provided that the contents of the information shall only be disclosed as permitted by the terms of this Order.

12.5   Absent order of the Court, no party shall be required to disclose or produce information or documents identified as "Classified" by a U.S. Government Authority. To the extent documents and/or information are withheld on this basis, counsel shall provide opposing counsel with an appropriate privilege log of all documents and/or information withheld. This privilege log shall provide a sufficient description of each document and/or information withheld and shall state the basis for withholding the document and/or information.

12.6   Documents containing Technical Data subject to U.S. export laws and regulations including but not limited to ITAR shall be appropriately marked with the following restrictive legend:

"This document (or software if applicable) contains data whose export/transfer/disclosure is restricted by U.S. law. Dissemination

to non-U.S. persons whether in the United States or abroad requires an export license or other authorization."

No disclosure shall be made in violation of applicable U.S. export control laws.

14.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.    <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, injunction, contempt proceedings and/or monetary sanctions.  However, no party shall be responsible to another party for disclosure of

///

PROTECTED INFORMATION under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**DATED:**    November 10, 2016

**ROSE WALKER, LLP**

By:/s/ Martin E. Rose_____
      **MARTIN E. ROSE**
      *Attorneys for Plaintiff*
      *Teledyne RISI, Inc. d/b/a*
      *Teledyne Electronic Safety Products*

**NORTON ROSE FULBRIGHT US LLP**

By:/s/ Matthew H. Kirtland\_\_\_\_\_
      **MATTHEW H. KIRTLAND**
      *Attorneys for Defendant*
      *Martin-Baker Aircraft Company Ltd.*

     I hereby attest, pursuant to Local Rule 5-4.3.4(a)(2)(i), that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

                        /s/ **Martin E. Rose**_____
                        **Martin E. Rose**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  November 14, 2016

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TELEDYNE RISI, INC. d/b/a TELEDYNE ELECTRONIC SAFETY PRODUCTS,<br><br>        Plaintiff,<br>vs.<br><br>MARTIN-BAKER AIRCRAFT COMPANY LTD.,<br><br>        Defendant. | Case No. 2:15-CV-07936-SJO-GJS<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare and say that:

1.  I   am   employed   or   retained   as   _____   by _____.

2.    I have read the Protective Order entered in *Teledyne Risi, Inc. v. Martin-Baker Aircraft Company Ltd.*, Case No. 2:15-cv-07936-SJO-GJS, have received a copy of the Protective Order, and I agree to be bound by the Protective Order as applicable.

3.     I understand that some documents produced in this case are subject to United States export laws and regulations including but not limited to the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§120-130.  To the extent that I am required to review any export-restricted documents, I certify that I am a U.S. person or otherwise authorized under U.S. law to review such documents and will not disclose such documents in violation of applicable U.S. export control laws and regulations.

4.     I promise that I will use any and all "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

5.   I promise that I will not disclose or discuss such "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information with anyone other than the persons described in Paragraphs 5, 9 and l0 of the Protective Order.

6.   I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

7.   I understand that any disclosure or use of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions, including but not limited to contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

DATE: _____

_____
Printed Name and Title

_____
Signature